UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE MURPHY-GOODRICH,

    Plaintiff,

                              Case No. 13-11271

v.                                Honorable Laurie J. Michelson

CITY OF DEARBORN,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF HER
MOTION TO COMPEL DEPOSITION OF WILLIAM IRVING, COUNSEL FOR
DEFENDANT, AND DISQUALIFY DEARBORN CORPORATION COUNSEL [78]**

      Plaintiff Valerie Murphy-Goodrich served as the Human Resources Director for the City

of Dearborn from 1994 until Dearborn's Civil Service Commission terminated her employment

in 2012. Murphy-Goodrich believes that her termination breached an employment contract and

violated Title VII.

      On November 13, 2014, Plaintiff filed a motion seeking to depose defense counsel,

William Irving, and to disqualify him as trial counsel. The motion also claimed that Dearborn

Corporation Counsel Debra Walling was a necessary trial witness and thus, she should be

disqualified from representing the City of Dearborn as well. In supplemental briefing, however,

Defendant advised that Debra Walling will not serve as trial counsel in this matter. The sole

basis of the motion was Michigan Rule of Professional Conduct 3.7(a) which involves trial

counsel as a necessary witness. The motion made no reference to Rule 3.7(b) which involves

imputed disqualification.

In denying Plaintiff's motion, the Court found that Mr. Irving was not a necessary witness and did not need to be deposed. The Court also ruled that it doubted Debra Walling was a necessary trial witness but even if she was, that was not a basis for disqualifying Mr. Irving under Rule 3.7(a). Lastly, the Court declined to address whether Mr. Irving (or the entire Dearborn Corporation Counsel) should be disqualified under Rule 3.7(b) because Plaintiff failed to brief the issue.

Plaintiff seeks reconsideration of this last ruling. To the extent Plaintiff contends she did raise Rule 3.7(b) in her motion, the Court finds this contention specious. Moreover, even considering Rule 3.7(b), there is no basis for disqualifying Dearborn Corporation Counsel at this stage of the case. Thus, the Motion for Reconsideration will be **DENIED**.

## I.    BACKGROUND

While Defendant City of Dearborn contends that no reasons were needed to terminate Plaintiff's employment because, under the City Charter, she served "at the pleasure of the [City of Dearborn Civil Service] Commission" (Charter § 11.2), they provided several grounds in Plaintiff's Notice of Termination (Mot. to Disqualify, Ex. E). One of the reasons involved Plaintiff's handling of two situations involving Civil Service Commissioner Marge Powell.

The first involved Plaintiff's preparation of a civil-service-commission meeting agenda. Powell was the Civil Service Commissioner appointed by the four other Commissioners. When her term ended, the Commissioners had the option to either reappoint her or appoint someone else. This issue was addressed at a meeting of the Commissioners. Plaintiff drafted the agenda item for the meeting. It stated, "reappointment of Marge Powell." Evidently, several of the Commissioners found this to be misleading (in their view, it implied that no one else could be reappointed). This was one of the reasons given by the City for terminating Plaintiff. Plaintiff

responds that this is an invalid basis for her termination because the agenda item was reviewed and approved by Dearborn Corporation Counsel. The specific lawyer who handled this issue was Kimberly Craig. She has been deposed and can testify at trial. Neither William Irving nor Debra Walling are necessary or likely witnesses on this issue.

Following Powell's reappointment in 2009, she failed to timely take the oath of office. Dearborn Corporation Counsel Debra Walling prepared a memorandum for the Commissioners that set forth two alternatives to remedy this situation: (1) Powell could ask the Commissioners to extend the time to take the oath or (2) the Commissioners could reappoint Powell to fill the vacancy that was created when she failed to take the oath in a timely manner. (Mot. to Disqualify, Ex. G.) Corporation Counsel recommended the first option. The Commissioners did not follow this recommendation. They opted not to reappoint Powell. Plaintiff apparently spoke out against this decision at a subsequent City Council meeting and expressed her support for Powell's reappointment. This was another reason the City of Dearborn gave to support her termination. All of the Commissioners who received the memo from Walling have (or could have) been deposed. They are all capable of testifying about the memo they received from Walling, why they decided not to appoint Powell, and how they reacted to Plaintiff speaking out against their decision.[1]

In her motion to compel and disqualify, Plaintiff contended that, given Irving and Walling's involvement in these issues, and that Irving verified Defendant's interrogatory answers, they are necessary trial witnesses and thus, Irving should be deposed and Dearborn

---

[1] The Court also indicated that Walling is unlikely to be a "necessary witness" just because others in discovery have deferred to her as the authority on interpreting the City Charter. If this case goes to trial, the parties will likely give their respective understandings of Plaintiff's employment status under the Charter and then it will be an issue for the jury (or the Court). Defendant has not indicated that it intends to rely on Walling – and, if they do, her testimony is unlikely to be adverse to Defendant's position.

Corporation Counsel should be disqualified from representing the City. The Court disagreed. The Court found that Plaintiff failed to satisfy the test adopted by the Sixth Circuit in *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 276 F.3d 621, 628 (6th Cir. 2002), for deposing opposing counsel. The Court also found that Michigan Rule of Professional Conduct 3.7 did not warrant the disqualification of Mr. Irving as trial counsel.

Plaintiff asks the Court to revisit its decision.

## II.    ANALYSIS

To prevail on a motion for reconsideration, the movant must show the existence of a palpable defect that misled the parties and court and the correction of such defect would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." *Olson v. Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id*.

Michigan Rule of Professional Conduct 3.7, titled Lawyer as Witness, provides as follows:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

4

Plaintiff's motion for reconsideration appears to be predicated on Rule 3.7(b). She cites Michigan Rule of Professional Conduct 1.7(b) and State Bar of Michigan Informal Ethics Opinion RI-281 (1996). (Dkt. 78, Mot. for Reconsider. at 6.)  The Ethics Opinion, in addressing Rule 3.7, advises, "'If the lawyer's expected testimony will be adverse to the client, MRPC 1.7(b) would be applicable, and if the lawyer is precluded from trying the case under that Rule, the disability would be imputed to other firm members.'" (Dkt. 78, Mot. for Reconsider. at 6 (quoting Ethics Op. RI-281 (1996)).) This rule interpretation does not entitle Plaintiff to reconsideration of her motion to disqualify corporation counsel for several reasons.

First, as mentioned, Plaintiff's motion made no reference to Michigan Rule of Professional Conduct 3.7(b) or Michigan Rule of Professional Conduct 1.7 or 1.10. Indeed, at the oral argument, Plaintiff's counsel acknowledged that his briefing did not include Rule 1.7(b) but that he intended to argue it. *Cf. Maher v. Int'l Paper Co.*, 600 F. Supp. 2d 940, 948-49 (W.D. Mich. 2009) (arguments raised for the first time at oral argument are waived (citing, *Roberts v. Principi*, 283 F. App'x 325, 332 n.3 (6th Cir. 2008))); *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Second, at this stage of the case, it is far from clear that there will even be a trial, let alone that Walling will be a "likely" trial witness. *See* Mich. R. Prof. Conduct 3.7(b). The time for filing dispositive motions has not yet run and Defendant has recently filed a motion for judgment on the pleadings. (Dkt. 75.)[2] Moreover, Plaintiff was not terminated because of the alternatives given to the Civil Service Commissioners for how to deal with Powell's failure to

---

[2] The ethics opinions relied on by Plaintiff make clear that Rule 3.7 involves trial representation. It does not preclude a lawyer from preparing a case for trial. (Mot. for Reconsider., Exs. B and C.) Plaintiff's motion was premature.

take the oath in a timely manner—it was her subsequent conduct that Dearborn cited as a basis for her termination. *See* Mot. to Disqualify at Ex. E (citing one ground for Plaintiff's termination as "Proceeding to the City Council on Marjorie Powell's behalf without the knowledge of the full Commission and failure to get approval of the full Commission before doing so."). And, whatever relevance the memo from Walling has to this case, there are numerous other witnesses who can testify about it.

Third, even if Walling is ultimately a trial witness, Plaintiff has not demonstrated that her expected testimony will be adverse to the City of Dearborn on the issue central to the case: Plaintiff's termination. *See* Ethics Op. RI-281 (1996). The City's position is that Plaintiff served at the pleasure of the Commission and they were free to terminate her for any reason. Plaintiff has not shown that any testimony by Walling (if she testifies) will be adverse to this position. Instead, Plaintiff's position appears to be that because the Civil Service Commissioners did not adopt Walling's recommended courses of action for dealing with Powell's failure to take the oath, this makes her expected testimony adverse to the City. (*See* Mot. for Reconsider. at 7 ("Ms. Schaeffer's testimony as well as the notice of discharge of Plaintiff conflict with the recommendations from Corporation Counsel.").) Not so. Walling gave the Commissioners options. She made a recommendation. The Commissioners were free to make their own decision and they did so. Thus, the memo itself, as well as the testimony from Plaintiff, the Commissioners, and Walling, if she testifies, are likely to be entirely consistent with respect to these facts. Again, one of the reasons given for Plaintiff's termination was that she publicly disagreed with the Commissioners' decision not to reappoint Powell without advising the Commission or obtaining its approval. The fact that Walling recommended that the Commissioners extend the time for Powell to take the oath in no way suggests that Walling

6

condoned, approved, or authorized Plaintiff to contradict the ultimate decision of the Commissioners or advocate on Powell's behalf at a City Council meeting. Thus, Plaintiff has failed to show that Walling's testimony is likely to be adverse to the Defendant or that Rule 1.7 otherwise applies.

## III.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of her Motion To Compel Deposition Of William Irving, Counsel For Defendant; Increase Number Of Depositions And Discovery Timeframe To Allow Depositions; And Disqualify Dearborn Corporation Counsel is DENIED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 12, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

7