UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALERIE MURPHY-GOODRICH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF DEARBORN,<br><br>    Defendant. | Case Nos. 2:15-cv-13207, 2:13-cv-11271<br>Honorable Laurie J. Michelson<br>Magistrate Judge Michael J. Hluchaniuk |

**OPINION AND ORDER CONSOLIDATING CASES AND DIRECTING PLAINTIFF TO VOLUNTARILY DISMISS FEDERAL DUE PROCESS CLAIM OR TO SHOW CAUSE AS TO WHY THAT CLAIM SHOULD NOT BE DISMISSED AS FUTILE**

This Court previously ruled that this case does not involve any viable federal claims. It then declined to exercise jurisdiction over the remaining quintessential state law claims—breach of contract allegations based on city charter documents and local regulations. Thus, the case was remanded to state court. Unfortunately, following remand, Plaintiff's counsel had some difficulty accurately drafting an amended complaint and included the identical Fourteenth Amendment claim that this Court found to be futile. As a result of this error, the case has been removed from state court to federal court for a second time.

In 2013, Valerie Murphy-Goodrich filed a complaint in state court against the City of Dearborn asserting that, by terminating her employment, the City breached a contract and retaliated against her for "engaging in protected activity, as that term is defined by Title VII." The City thought—quite reasonably—that Murphy-Goodrich had brought a claim under Title VII of the Civil Rights Act of 1964 and thus removed the case from state court to federal court. After considerable discovery, the City moved for judgment on the pleadings. The City's argument on the retaliatory discharge claim was that Murphy-Goodrich had not exhausted her

administrative remedies under Title VII before filing suit. In response to this argument, Murphy-Goodrich sought to recast her retaliation claim: she asserted that she did not really mean to bring a claim under Title VII, but instead meant to sue under Michigan's version of that statute. This Court thought this assertion specious for several reasons, including that Murphy-Goodrich had never before informed anyone that her retaliation claim was under state law despite knowing that the City and the Court had construed the claim as one under federal law. (*See* Dkt. 4, Mot. to Remand Ex. 1, *Murphy-Goodrich v. City of Dearborn*, No. 13-cv-11271, Apr. 24, 2015 Hr'g Tr. at 28–30.) This Court thus held that the retaliation claim in Murphy-Goodrich's complaint was one under Title VII. (*Id.*) And, given that Murphy-Goodrich had not exhausted her administrative remedies, this Court granted the City of Dearborn judgment on that Title VII claim. (*Id.* at 39–41.) As this left only the breach of contract claim as part of the complaint, the Court declined to exercise supplemental jurisdiction and remanded the case to state court. (*Id.* at 41–44.)

Two things happened after remand that brought this 2013 case back to federal court.

First, Murphy-Goodrich moved to file an amended complaint that included a claim under federal law. In particular, her proposed amended complaint included a claim that the City of Dearborn had "denied Plaintiff her right to Due Process" and that the City was "subject to the *14th Amendment and* the laws of Michigan, including the Michigan Constitution, Art. I, § 17, *both* of which grant Plaintiff due process rights." (Dkt. 1, Compl. ¶¶ 42, 45 (emphases added).) Thus, despite that Murphy-Goodrich's counsel is now adamant that he intended to bring only a claim under the Michigan Constitution (*see* Dkt. 4, Pl.'s Mot. to Remand ¶ 6 & Ex. C, Emails Between Counsel), the plain language of the proposed amended complaint included a claim under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Second, the state court granted Murphy-Goodrich's motion to amend and thereby permitted Murphy-Goodrich to add this claim. This grant was despite that, before this Court remanded the case, Murphy-Goodrich had attempted to add an identical claim under the Due Process Clause of the Fourteenth Amendment and this Court ruled that the claim was futile. In particular, this Court explained that claims against a municipality like the City of Dearborn must be brought under 42 U.S.C. § 1983, and that under § 1983, Murphy-Goodrich needed to plead that the due process violation was pursuant to a policy or custom of the City of Dearborn. (*See Murphy-Goodrich v. City of Dearborn*, No. 13-cv-11271, Apr. 24, 2015 Hr'g Tr. at 32–36 (discussing cases).)[1] As Murphy-Goodrich had not alleged any such policy or custom, the claim was futile and this Court denied leave to amend. Murphy-Goodrich's proposed amended complaint submitted for the state court's evaluation suffered from the identical deficiencies, yet the state court granted Murphy-Goodrich leave to add the federal due process claim.

Seizing upon this added (but futile) federal claim, the City of Dearborn again removed the case to federal court on the basis of federal-question jurisdiction.

Murphy-Goodrich now asks this Court to remand the case to state court. In support of her motion, she has produced an email exchange between her counsel and counsel for the City. A review of that exchange reveals that Murphy-Goodrich has absolutely no desire to pursue a

---

[1] In making this ruling the Court cited the following cases: *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) ("To the extent that Appellants attempt to assert direct constitutional claims, they fail; we have long held that § 1983 provides the exclusive remedy for constitutional violations."); *Sanders v. Prentice-Hall Corp.*, 178 F.3d 1296 (6th Cir. 1999) ("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution (or by virtue of general federal question jurisdiction) because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations."); *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'").

federal due process claim against the City. For instance, counsel for Murphy-Goodrich told the City's counsel: "We requested in two motions and I represented on the record two times, in front of two judges, that we are pursuing a state procedural due process claim, not a 42 USC 1983 claim or other type federal claim." (Mot. to Remand Ex. C, Emails Between Counsel at Pg ID 177.) Counsel for Murphy-Goodrich further stated: "Again, there is no federal claim. The City's repeated reference to this after the unequivocal proceedings outlined out in my below email of September 11th is concerning and is causing delay and expense to the parties. That being said, we are willing to remove the reference to the 14th Amendment, as I already offered, and I have attached a proposed amended Complaint." (*Id.* at Pg ID 176.)

Given that Murphy-Goodrich has made clear that she has no intent to pursue a Fourteenth Amendment Due Process Clause claim against the City of Dearborn, the Court will grant Murphy-Goodrich until December 4, 2015 to voluntarily dismiss that claim and file an amended complaint that makes no reference to the Fourteenth Amendment of the United States Constitution.[2] If, despite her clearly manifested intent, Murphy-Goodrich in fact seeks to pursue a claim that the City of Dearborn violated the Due Process Clause of the Fourteenth Amendment, she must instead file a brief of no more than five pages explaining why that claim is not futile for the reasons provided by this Court on April 24, 2015. *See Hayden v. Rhode Island*, 13 F. App'x 301, 302 (6th Cir. 2001) ("Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").

Additionally, the Clerk of Court is ordered to immediately reopen *Murphy-Goodrich v. City of Dearborn*, No. 2:13-cv-11271-LJM-MJH, consolidate this case (2:15-cv-13207-LJM-

---

[2] No other changes to the complaint are permitted.

MJH) with that one, and close this case. (Murphy-Goodrich's December 4, 2015 filing should be made in case number 2:13-cv-11271 once that case is reopened.)

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: December 1, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 1, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson